IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13cv323

| | |
|---|---|
| TAMI C. ATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| FLEX MEDICAL, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court is the Motion to Dismiss filed by Defendants [# 31]. Plaintiff is proceeding *pro se* in this matter and did not file a response to the motion. The Court now advises Plaintiff of her obligation to respond and will provide her an extended time period for doing so.

In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Plaintiff, who is proceeding *pro se*, is cautioned that Defendants have filed a Motion to Dismiss. In their motion, Defendants contend that the claims asserted against Defendants Flexmedical are subject to dismissal because the corporate entity does not exist, that Plaintiff failed to perfect service of process on the individual Defendants, that the Complaint fails to state a claim pursuant to Title VII against the individual Defendants, and the Complaint fails to state a claim for

intentional infliction of emotional distress.

The Federal Rules of Civil Procedure require that a plaintiff serve the summons and a copy of the complaint served on a defendant within 120 days of filing the complaint. Fed. R. Civ. P. 4(b), (m). Rule 4 specifies the manner in which a plaintiff may serve a defendant. See Fed. R. Civ. P. 4. Here, Defendants contend that Plaintiff failed to perfect serve on the individual defendants it in a manner allowed by Rule 4.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal where a party has failed to state a cause of action as a matter of law. This language means that in responding to the motion to dismiss, Plaintiff must show that she has made sufficient allegations to support a cause of action against such defendant that is recognized by law. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in his complaint that "raise a right to relief above the speculative level." Id. at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of

further factual enhancement." Id. at 557. Instead, a plaintiff must plead sufficient facts to state a claim for relief that is "plausible on its face." Id. at 570. The court again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009). In Ashcroft, the Court held that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. at 1949. The Court explained that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (internal quotation and citation omitted). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where plaintiff "pleads facts that are 'merely consistent with' a defendant's liability . . . ." Id.

While the Court accepts plausible factual allegations made in the Complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D.

Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

Plaintiff is advised that the method for responding requires that she file a written "response" to Defendants' motion within the time allowed by this Order. A copy of such response must be sent to counsel for all other parties, and Plaintiff must certify that she made such service in a "certificate of service" indicating the manner in which such service was made. Accordingly, the Court **INSTRUCTS** Plaintiff that she should file a written response to Defendants' Motion to Dismiss by June 25, 2014. Plaintiff's written response should not exceed twenty-five pages in length and should address each of the issues raised by Defendants in their Motion to Dismiss. The failure to respond to the motion may result in an Order being entered dismissing some of the claims asserted by Plaintiff in the Complaint.

Signed: June 11, 2014

Dennis L. Howell
United States Magistrate Judge